IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **CARL HUNT and JC HUNT COMPANY,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**JACKY KEY,**<br><br>    **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:13cv83**<br><br>**Magistrate Judge Paul M. Warner** |

On March 15, 2013, all parties consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the court are (1) Jacky Key's ("Defendant") motion for summary judgment;[2] and (2) Carl Hunt ("Mr. Hunt") and JC Hunt Company's ("JC Hunt") (collectively, "Plaintiffs") motion to continue Defendant's motion for summary judgment.[3]  On January 28, 2014, the court held a hearing on the motions.  At the hearing, Defendant was represented by Jonathan Rupp and Plaintiffs were represented by Craig Halls.  Before the hearing, the court carefully considered the

---

[1] *See* docket no. 9.

[2] *See* docket no. 16.

[3] *See* docket no. 17.

motions, memoranda, and other materials submitted by the parties.  After considering the arguments of counsel and taking the motions under advisement, the court renders the following memorandum decision and order.

## BACKGROUND

Defendant has been driving a fuel tanker truck since 1982.  In 2008, Defendant began driving his truck as an independent contractor for JC Hunt, a commercial motor carrier.  Shortly after Defendant began working for Plaintiffs, they required him to sign a covenant not to compete ("Covenant") as a condition of his continued employment.  The Covenant states that:

> The undersigned understand and agree that Contractor has obtained knowledge concerning the business practice, methods and procedures, including names of customers and dealers, personnel records, training and operation and other information which constitutes property of J.C. Hunt Company.
>
> Contractor agrees that under no circumstances during the course of the business relationship and for three (3) years thereafter will Contractor directly or indirectly solicit to do business of a transportation nature nor will carrier retain or use any information concerning active or inactive accounts, methods of operation with the company. Contractor will not solicit any customers or entity serviced by Hunt or solicit any of Hunt's active dealers or engage in or permit any activity in competition with Hunt.
>
> Contractor will not influence or attempt to influence any other employee of Hunt to terminate employment to work for any competitor of Hunt.[4]

In 2011, Defendant ceased working for Plaintiffs and began working as an independent contractor for another carrier, Thriftway, performing the same type of work he did for Plaintiffs,

---

[4] Docket no. 16, Exhibit A.

namely terminal transfers.  A terminal transfer involves loading fuel at one refinery terminal and delivering it to another refinery terminal, rather than delivering the product to a retail outlet. Plaintiffs assert that prior to his employment with JC Hunt, Defendant did not perform terminal transfer work.  Plaintiffs further contend that before hiring Defendant in 2011, Thriftway likewise did not engage in terminal transfers and that Thriftway and/or Defendant solicited the business of Western Refining, Plaintiffs' long standing customer, away from Plaintiffs. Defendant asserts that he did in fact engage in terminal transfers prior to working for JC Hunt and that since leaving JC Hunt, he has been working as an independent contractor for Thriftway driving his fuel truck for customers that he knew prior to his employment with JC Hunt.

In their complaint, Plaintiffs argue that Defendant violated the Covenant by (1) performing terminal to terminal transfers for Thriftway and (2) soliciting Western Refining's business from Plaintiffs.  Defendant filed his motion for summary judgment arguing that the Covenant is unenforceable and/or unreasonable on its face because (1) it contains no geographical limit; (2) it prohibits Defendant from engaging in any business of a transportation nature; and (3) it prohibits Defendant from driving a fuel tanker truck, a common calling which does not require any skills that are special, unique, or extraordinary.  Plaintiffs assert that Defendant's summary judgment motion is premature as there has been no discovery conducted. Defendant responds by asserting that no discovery is necessary and the court can rule as a matter of law. The court will address these arguments in turn.

## DISCUSSION

A motion for summary judgment under rule 56 of the Federal Rules of Civil Procedure is appropriate when the pleadings, depositions, and affidavits on file show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). "As a matter of law, the movant must show entitlement to summary disposition beyond all reasonable doubt." *Alta Health Strategies, Inc. v. Kennedy*, 790 F. Supp. 1085, 1089 (D. Utah 1992) (quotations and citations omitted). Once the movant demonstrates an absence of a genuine issue of material fact, the nonmovant cannot simply rest upon his or her pleadings, "but must set forth specific facts showing that there is a genuine issue for trial." *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1062 (10th Cir. 2002) (quotations and citation omitted). Plaintiffs assert that because there has been no discovery conducted in this matter, Defendant's motion for summary judgment is premature. Thus, in response to Defendant's motion, Plaintiffs filed a rule 56(d) motion. This rule provides that

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The Utah Supreme Court addressed the enforceability of a covenant not to compete in *Robbins v. Findlay*, 645 P.2d 623 (Utah 1982). The court held that

> [c]ovenants not to compete are enforceable if carefully drawn to protect only the legitimate interests of the employer. The reasonableness of a covenant depends upon several factors, including its geographical extent; duration of the limitation; the nature of the employee's duties; and the nature of the interest which the employer seeks to protect such as trade secrets, the goodwill of his business, or an extraordinary investment in the training or education of the employee.

*Id.* at 627. However, the court also noted that "[c]ovenants not to compete which are primarily designed to limit competition or restrain the right to engage in a common calling are not

enforceable." *Id.* There are two provisions of the non-compete at issue in this case. The first provision prohibits Defendant from engaging in "business of a transportation nature" for three years and the second provision prohibits Defendant from "solicit[ing] any customers or entity serviced by [Plaintiffs]."[5]

Plaintiffs argue that discovery will aid them in determining (1) whether Defendant engaged in terminal transfers prior to his work for Plaintiffs and (2) the nature of Defendant's relationship with Western Refining and whether he and/or Thriftway solicited Western Refining from Plaintiffs. In response, Defendant argues that the Covenant is over broad on its face and is thus unenforceable. As such, Defendant concludes, discovery is not necessary in this matter and summary judgment should be granted in his favor. Defendant asserts that while he did in fact engage in terminal transfers prior to working for Plaintiffs, discovering this information is irrelevant for purposes of Defendant's summary judgment motion. And Defendant argues that discovering whether he and/or Thriftway do work for Western Refining is likewise irrelevant to his motion for summary judgment. Plaintiffs contend that they are not seeking to restrict Defendant's ability to engage in all transportation work; they are merely requesting that he not engage in terminal transfers in the four corners area.

While appears that the first provision may be overly broad by potentially restricting Defendant's right to engage in a common calling, it is unclear whether engaging in terminal transfers is a common calling, like merely driving a truck, or whether it is unique because not many people engage in it. The second provision is more narrowly tailored to protect the goodwill of Plaintiffs' business and, as such, discovery regarding the nature of Defendant's

---

[5] *Id.*

relationship with Western Refining is appropriate.  The court has determined that these factual issues are materially sufficient to defeat summary judgment at this time.  Thus, the court concludes that this matter is not ripe for summary judgment and discovery should proceed as usual.

## CONCLUSION

Based on the foregoing, Defendant's motion for summary judgment is **DENIED**.  After discovery has been completed, Defendant may renew his motion or file another dispositive motion.  Plaintiffs' motion to continue Defendant's motion is likewise **DENIED**.  Because many of the dates in the current scheduling order have passed, the parties are instructed to submit a proposed amended scheduling order to the court by March 7, 2014.  If the parties cannot stipulate to a proposed order, each party shall submit its proposed order to the court by that same date.

**IT IS SO ORDERED.**

DATED this 24th day of February, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge